1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAZIA DIGO, INC., a Washington
Corporation,

               Plaintiff,

      v.

SMART CIRCLE INTERNATIONAL, LLC,
a Delaware Limited Liability Company,

           Defendant.

NO.  C11-544RSL

ORDER GRANTING
DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS
UNDER FRCP 12(c) AND
GRANTING PLAINTIFF LEAVE TO
AMEND COMPLAINT

     This matter comes before the Court on Defendant Smart Circle's 'Motion For Judgment

on the Pleadings under FRCP 12(c).'  Dkt. # 15.  Plaintiff Kazia Digo, Inc.'s (KDI) complaint

states four claims: (1) breach of contract, (2) breach of implied and/or express warranties,

(3) violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq., and

(4) intentional interference with a business relationship ("tortious interference").[1]  Defendant's

motion concerns only plaintiff's third and fourth claims.

---

    [1] Although plaintiff's complaint calls this claim simply "interference with a business
relationship," Compl. 6:10-11 (Dkt. # 1-1), its response to defendant's motion calls it "intentional
interference with a business relationship/expectancy." Resp. 9:14-16 (Dkt. # 18).

Defendant argues that the Court should dismiss the CPA claim and the tortious interference claim because plaintiff has not pled sufficient facts for the Court to reasonably infer that defendant is liable. Mot. 2:19-22 (Dkt. # 15). Regarding plaintiff's CPA claim, defendant argues that plaintiff did not plead facts that could plausibly satisfy the first and third elements. Regarding plaintiff's tortious interference claim, defendant argues that (1) plaintiff did not plead facts that could plausibly satisfy the claim's third element (intentional interference), (2) the economic loss/independent duty doctrine bars plaintiff's claim, and (3) defendant was not a stranger to the relationship at issue, as the tort requires for recovery. Id. at 5:6-7:1.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] and construing all material allegations in the light most favorable to the non-moving party, the Court GRANTS defendant's motion for judgment on the pleadings and GRANTS plaintiff leave to amend its complaint.

## LEGAL STANDARD

A motion for judgment on the pleadings is governed by two federal rules of civil procedure: Rule 8 and Rule 12. Rule 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint gives the defendant notice of the plaintiff's claims and the grounds on which they rest. Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 12 allows any party to challenge the sufficiency of the complaint with a motion for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c).

The standard that governs a motion for judgment on the pleadings is the same standard that governs a motion to dismiss under Rule 12(b)(6). Ludahl v. Seaview Boat Yard, Inc., 869

---

[2] The Court finds that this matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

- 2 -

F. Supp. 825, 826 (W.D. Wash. 1994).  The Court should dismiss a claim if the complaint does not set forth the factual bases for the claim in sufficient detail.[3]  Twombly, 550 U.S. at 555.  A "formulaic recitation" of the elements of a claim does not constitute a well-pleaded complaint under Rule 8(a)(2).  Id.  The allegations in the complaint must "raise a right to relief above the speculative level."  Id.  In sum, a complaint survives only if it states a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 1974 (2009).

To determine whether a complaint states a plausible claim for relief, the Court performs a two-step analysis.  First, the Court accepts as true all well-pleaded allegations in the complaint.[4]  Iqbal, 129 S.Ct. at 1949.  Second, the Court determines whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face."  Id. at 1949; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  A claim is facially plausible when the factual content of the pleadings allows the Court to reasonably infer that the defendant is liable for the alleged misconduct.  Iqbal, 129 S.Ct. at 1949.  When making this plausibility determination,

---

[3] Factual allegations are still required even though, in general, "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Conley, 355 U.S. at 47).  Rule 8(a)(2) still requires a "showing" of entitlement to relief. Id.  A "blanket assertion" is not enough: "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")).

[4] The same is not true for well-pleaded legal conclusions, which the Court need not accept as true. Iqbal, 129 S.Ct. at 1949 (stating that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

1  courts utilize judicial experience and common sense.  Id.  With limited exceptions not relevant

2  here, the Court cannot consider any material beyond the pleadings.[5]  Lee v. City of Los Angeles,

3  250 F.3d 668, 688 (9th Cir. 2001).

4                                          **FACTS**[6]

5          Plaintiff is a jewelry designer, manufacturer, wholesaler, and retailer.  Compl. at ¶ 3.2

6  (Dkt. # 1-1).  A large portion of plaintiff's business once consisted of conducting retail

7  roadshows at Costco Wholesale Corporation ("Costco"), with whom it had a longstanding

8  relationship.  Id. at  ¶ 3.3.  Plaintiff would send representatives to these roadshows to market,

9  promote, and sell its products.  Id.  On or about March 1, 2009, plaintiff was contacted by

10  defendant, a business that provides its clients with marketing, promotional, and sales services.

11  Compl. at ¶ 3.4-3.5 (Dkt. # 1-1).  Defendant sought to contract with plaintiff to showcase and

12  sell plaintiff's products at retail store locations in the United States and Canada, such as Costco,

13  in exchange for a fee.  Id. at ¶ 3.5.  Defendant represented to plaintiff that it

14  •      had extensive experience;

15  •      provided services in specific markets;

16  •      provided experienced, professional, dependable, professionally dressed and groomed staff

17         that it held to high standards;

18  •      provided daily specialized training for its representatives;

19

20  _____

21          [5] If the Court does consider matter outside the pleadings, then the motion is converted into a
    Rule 56 summary judgment motion.  Fed. R. Civ. P. 12(d); Hal Roach Studios, Inc. v. Richard Feiner &
22  Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

23          [6] The following statement of facts assumes that all material allegations in the complaint are true
    and construes all material allegations in the light most favorable to the non-moving party.  Fleming v.
24  Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

25  ORDER GRANTING DEFENDANT'S MOTION FOR
    JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
26  AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

27                                          - 4 -

28

1   •      oversaw its representatives with direct management control and field support;

2   •      carefully planned scheduling and guaranteed a 100% staffing rate;

3   •      could increase plaintiff's profits by staffing plaintiff's roadshows with its experienced

4          personnel;

5   •      could provide its services to plaintiff in Costco locations and other retailers such as Sam's

6          Club Stores;

7   •      frequently conducted roadshows for other vendors at Costco; and

8   •      was aware of Costco's policies and procedures related to defendant's services.

9   Id. at ¶ 3.6-3.8.  Relying on these representations, plaintiff agreed to pay defendant for its

10  services, "provided that the defendant faithfully performed as agreed in the Plaintiff's best

11  interests."  Id. at ¶ 3.9.

12         Defendant did not perform as promised.  Id. at  ¶ 3.10.  Between September 2009 and

13  December 2010, defendant or its representatives:

14  •      intentionally staffed plaintiff's retail shows with less experienced and less qualified sales

15         representatives;

16  •      stole goods from Costco;

17  •      failed to devote attention to customers that showed interest in plaintiff's products;

18  •      engaged in personal activities while working at plaintiff's roadshows;

19  •      showed up late for plaintiff's roadshows;

20  •      closed plaintiff's roadshows prior to the scheduled closing;

21  •      caused plaintiff's roadshows not to open at all on some occasions;

22  •      left plaintiff's displays and goods unattended;

23  •      mis-delivered plaintiff's equipment, supplies, material, or products;

24  •      reneged after agreeing to work plaintiff's roadshows;

25  ORDER GRANTING DEFENDANT'S MOTION FOR
    JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
26  AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

27                                      - 5 -

28

1      •    violated Costco's procedures and or policies; and

2      •    violated plaintiff's policies or procedures.

3    Id. at ¶ 3.12-3.13.  As a result of these acts and omissions by defendant, Costco terminated its

4    relationship with plaintiff.  Id. at ¶ 3.14.  This litigation followed.  Plaintiff asserts, among other

5    claims that defendant's motion did not address, that defendant violated the CPA and tortiously

6    interfered with plaintiff's relationship with Costco.

7
                                        **DISCUSSION**

8    **A.  The CPA claim: plaintiff's complaint does not allege facts sufficient to raise a**
9    **reasonable inference that defendant's conduct affects the public interest.**

10           Judgment on the pleadings is proper on plaintiff's CPA claim because plaintiff's

11   complaint does not allege facts that could plausibly satisfy the third element of a CPA claim.

12   The purpose of the CPA, which prohibits "[u]nfair methods of competition and unfair or

13   deceptive acts or practices in the conduct of any trade or commerce," RCW 19.86.020, is to

14   protect consumers from harmful practices.  Lightfoot v. Macdonald, 86 Wn.2d 331, 333 (1976).[7]

15   It is not a remedy for "private wrongs" that have no impact on the general public.  Id.  As such,

16   plaintiffs who assert a CPA claim must prove that the defendant's alleged conduct affects the

17   public interest.[8]

18           To satisfy the public interest element of a CPA claim, the plaintiff must show that the

19   alleged act or practice had the potential to affect large numbers of people.  Stephens v. Omni Ins.

20   _____

21          [7] The broad purpose of the act is to "complement the body of federal law governing restraints of
     trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the
22   public and foster fair and honest competition."  RCW 19.86.920.

23          [8] The five elements of a CPA claim are: (1) unfair or deceptive conduct, (2) that occurs in trade
     or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.
24   Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

25   ORDER GRANTING DEFENDANT'S MOTION FOR
26   JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
     AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

27
                                          - 6 -
28

1   Co., 138 Wn.App. 151, 178 (2007).[9]  To do this, a plaintiff must plead facts showing "a real and

2   substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair

3   or deceptive act being repeated."  Michael, 165 Wn.2d at 605 (quoting Eastlake Constr. Co. v.

4   Hess, 102 Wn.2d 30, 52 (1984)).  Public impact can be difficult to show where, as here, a

5   dispute is essentially private.  Michael v. Mosquera-Lacy, 165 Wn.2d 595, 605 (2009).  Often a

6   breach of private contract affects only the parties to the contract and therefore does not qualify as

7   an act or practice that affects the public interest.  Hangman Ridge, 105 Wn.2d at 780.  The

8   inquiry essentially hinges on the "likelihood that additional plaintiffs have been or will be

9   injured in exactly the same fashion."  Id. at 790.  Four factors aid this inquiry: (1) whether the

10  defendant committed the alleged acts in the course of the defendant's business; (2) whether the

11  defendant advertised to the general public; (3) whether the defendant actively solicited the

12  particular plaintiff, thereby indicating potential solicitation of others; and (4) whether the parties

13  occupy unequal bargaining positions.  Id. at 790-91.  No factor is dispositive, and it is not

14  necessary that all factors be present for the Court to find a public impact.  Id. at 791.

15       The Court finds that plaintiff's complaint does not plead facts that, under Washington

16  case law, allow the reasonable inference that defendant has injured or will injure additional

17  plaintiffs.  Plaintiff has pled facts pertaining to factors (1) and (3) by alleging that defendant

18  solicited its business and made misrepresentations while doing so.  Compl. at ¶ 3.6-3.9 (Dkt. # 1-

19  1).  This allegation, plaintiff argues, "allow[s] for the reasonable inference that [defendant] has

20  solicited other clients in the past and will solicit other clients in the future."  Resp. at 8:6-7 (Dkt.

21

22       [9]At this stage of the proceedings, the Court is merely evaluating the sufficiency of the pleadings.
Thus, to survive judgment on the pleadings, the plaintiff need not *prove* the CPA claim, but it must

23  plead facts sufficient to "state a claim to relief that is plausible on its face."  Iqbal, 129 S.Ct. at 1949;
Moss, 572 F.3d at 969.  As mentioned, a "formulaic recitation of the elements of a cause of action will

24  not do."  Twombly, 550 U.S. 544, 555 (2007).

25  ORDER GRANTING DEFENDANT'S MOTION FOR

26  JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
     AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

27  

28

1   # 18).  However, this inference is merely possible: it is not plausible based on the bare facts

2   alleged.[10]  Plaintiff failed to plead facts showing (1) the alleged acts were "part of a pattern or

3   generalized course of conduct," and (2) "there is a real and substantial potential for repetition of

4   defendant's conduct after the act involving plaintiff."  Eifler v. Shurgard Capital Management

5   Corp., 71 Wn. App. 684, 697 (1993).  Defendant's "sales presentation" would probably qualify

6   as a private act with the capacity to deceive the public—if the presentation were "routine."

7   Potter v. Wilbur-Ellis Co., 62 Wn. App. 318, 327-28 (1991) (example of private act with

8   capacity to deceive the public is a false statement that is "communicated to one customer but

9   presented to that customer via standard form contract, sales materials, or routine sales

10  presentation").[11]  Plaintiff's complaint does not allege that the sales presentation was "routine."

11  Plaintiff also fails to allege facts showing "a real and substantial potential for repetition" of this

12  sales presentation, "as opposed to a hypothetical possibility of an isolated unfair or deceptive act

13  being repeated."  Michael, 165 Wn.2d at 605 (quoting Eastlake Constr. Co. v. Hess, 102 Wn.2d

14  30, 52 (1984)).  Unlike the situation in Sign-O-Lite Sign, Inc. v. DeLaurenti Florists, Inc., 64

15  Wn. App. 553, 562 (1992), upon which plaintiff relies, plaintiff has not alleged facts showing

16  other solicitations or a pattern of misrepresentation.  Plaintiff has therefore failed to state a claim

17  under the CPA.

18

19

20  _____

21      [10] The complaint states: "Defendant has engaged in an unfair and/or deceptive act(s) and/or
    practice(s), and/or act(s) and/or practices having the capacity to deceive, in the course of trade or
22  commerce, which affect(s) the public interest."  Compl. at ¶ 6.2.

23      [11] Another example is a communication that is part of a breach of good faith in an insurance
    transaction that involved only one customer.  See Evergreen Int'l, Inc. v. American Cas. Co., 52 Wn.
24  App. 548 (1988).

25  ORDER GRANTING DEFENDANT'S MOTION FOR
26  JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
    AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT
27
                                    - 8 -
28

**B.  Tortious interference claim**

Defendant asserts three reasons why it is entitled to judgment on the pleadings on plaintiff's tortious interference claim, each of which is considered below.  The Court agrees that plaintiff's complaint does not allege facts that could plausibly satisfy the third element (intentional interference) of a tortious interference claim.

**1.  Plaintiff's complaint fails to allege facts that could plausibly satisfy all the elements of a tortious interference claim**

There are five elements to a claim for tortious interference with a contractual relationship or business expectancy: (1) a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship; (3) the defendant's intentional interference with that relationship or expectancy that induces or causes a breach or termination of the relationship or expectancy; (4) that defendant interfered for an improper purpose or used improper means; and (5) resultant damage.  Leingang v. Pierce County Medical Bureau, 131 Wn.2d 133, 157 (1997). Defendant's argument focuses on the third element; it argues that plaintiff's complaint omits any allegation that defendant intentionally induced or caused Costco to terminate its relationship with plaintiff.  Mot. 5:15-17 (Dkt. # 15).

The allegations in plaintiff's complaint do not meet the definition of intentional interference, which is interference that the actor (a) desires to bring about, or (b) knows is "certain or substantially certain to occur as a result of his action.'"  Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc., 114 Wn. App. 151, 158 (2002) (citing Restatement (Second) of Torts § 766B (1979)).  Plaintiff's complaint alleges only that defendant "pursued a course of action which foreseeably and actually interfered with Plaintiff's business expectancy."  Compl. ¶ 7.2 (Dkt. # 1-1).  This language is not sufficient.  Foreseeability is not

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

the same thing as certainty or substantial certainty.[12]  Plaintiff nowhere alleges that defendant desired to disrupt plaintiff's relationship with Costco or that it knew that interference with that relationship was certain or substantially certain to result.  Thus, judgment on the pleadings is proper because plaintiff's complaint does not allow "the reasonable inference that the defendant is liable for the misconduct alleged" and does not allege "enough facts to state a claim to relief that is plausible on its face."  Iqbal, 129 S.Ct. at 1949.

### 2.  The economic loss/independent duty doctrine does not bar plaintiff's claim

Defendant also argues that plaintiff's tortious interference claim fails on the pleadings because it is barred by the economic loss doctrine.  The Court disagrees.  As the Washington Supreme Court has stated, the term "economic loss rule" is a misnomer: it implies that there can never be recovery in tort if there is an economic loss.  Eastwood v. Horse Harbor Found., Inc., 170 Wn. 2d 380, 387-88 (2010) (reversing appellate court's application of economic loss rule and holding plaintiff could pursue tort and contract damages concurrently).  This statement is too broad because, in Washington, "economic losses are sometimes recoverable in tort, even if they arise from contractual relationships.  For instance, we recognize the torts of intentional and wrongful interference with another's contractual relations or business expectancies."  Id. at 388.  Specifically, economic losses are recoverable in tort

> when the defendant's alleged misconduct implicates a tort duty that arises independently of the terms of the contract.  In some circumstances, a plaintiff's alleged harm is nothing more than a contractual breach or a difference in the profits, revenue, or costs that the plaintiff had expected from a business enterprise.  In other circumstances, however, the harm is simultaneously the result of the defendant breaching an independent and concurrent tort duty.  Thus, while the

---

[12] The Court notes that plaintiff's allegation of foreseeable interference sounds more like a claim of negligent interference.  However, plaintiff has identified its claim as an "intentional" interference claim, Resp. 9: 14-16 (Dkt. # 18), and foreseeability is not an element of intentional interference.  Leingang, 131 Wn.2d at 157.

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

harm can be described as an economic loss, it is more than that: it is an injury remediable in tort.  The test is not simply whether an injury is an economic loss arising from a breach of contract, but rather whether the injury is traceable also to a breach of a tort law duty of care arising independently of the contract.

Id. at 393-94.[13]  For this reason, the economic loss doctrine is actually "best termed 'the independent duty doctrine.'"  Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc., 170 Wn.2d 442, 449 (2010).  Under the independent duty doctrine, the court considers common sense, justice, policy, and precedent to determine whether the defendant owed an independent tort duty of care to avoid the plaintiff's risk of economic loss.  Eastwood, 170 Wn. 2d at 389-90.

Defendant had an independent tort-based duty not to interfere with plaintiff's business relationship with Costco.  See Eastwood, 170 Wn.2d at 388 (citing Commodore v. University Mechanical Contractors, Inc., 120 Wn.2d 120, 137 (1992)).  The Court rejects defendant's reasoning that no independent duty existed because plaintiff's contract claims arise from the same facts as its tort claims.  Reply 5:5-14 (Dkt # 19) ("all of plaintiff's claims arise from the same factual scenario... Thus, it cannot be said that the damage of being terminated from Costco traces back to a duty arising independent of the terms of the contract").  This reasoning conflates independent facts and independent duty. The independent duty doctrine does not, as defendant posits, require plaintiff to allege that defendant's breach of tort duty arose from a unique set of facts as its breach of contract duty.  Rather, the doctrine only requires the plaintiff to plead that the defendant violated a duty independent of its contractual duties, Eastwood, 170 Wn. 2d at 393, which

---

[13] Washington's rule was heavily influenced by the Supreme Court opinion in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986), which stands for the proposition that "an injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract." Eastwood, 170 Wn. 2d at 392.

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

plaintiff has done.  See Compl. ¶ 3.11-3.13 (Dkt. # 1-1).  For these reasons, the Court denies defendant's motion to the extent it is based on the economic loss doctrine.

### 3. Defendant is a stranger to plaintiff's relationship with Costco

Defendant also argues that plaintiff's tortious interference claim fails on the pleadings because defendant was not a stranger to the relationship between plaintiff and Costco.  The Court disagrees.  Defendant correctly states, but then misapplies, the rule that "recovery for tortious interference with a contractual relation requires that the interferor be an intermeddling third party."  Houser v. City of Redmond, 91 Wn.2d 36, 39 (1978).  The result of this rule is that "a party to a contract cannot be held liable in tort for interference with that contract."  Id. (citing Calbom v. Knudtzon, 65 Wn.2d 157, 396 P.2d 148 (1964); Hein v. Chrysler Corp., 45 Wn.2d 586, 277 P.2d 708 (1954)).  Defendant illogically argues that it was not a stranger to the relationship between plaintiff and Costco because "[plaintiff] hired [defendant] to perform road shows and sales activities in Costco," such that defendant "was inextricably bound up in" the relationship between plaintiff and Costco.  This conflates two distinct relationships.  Years before plaintiff had a relationship with defendant, it had a relationship with Costco.  Defendant is not a party to the Costco relationship and is therefore a stranger to it.

## C.  The Court grants plaintiff leave to amend its complaint

When a district court dismisses a claim, it should grant leave to amend unless "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.  806 F.2d 1393, 1401 (9th Cir. 1986).  The deficiencies in plaintiff's complaint are not necessarily incurable.  Thus, plaintiff has fourteen days from the date of this order to file an amended complaint that cures the deficiencies the Court has identified herein.

ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

**CONCLUSION**

For all of the foregoing reasons, defendant's motion for judgment regarding the third and fourth causes of action asserted in the original complaint (Dkt. # 15) is GRANTED.  Plaintiff may file an amended complaint to cure the identified deficiencies within fourteen days of the date of this order.


Dated this 12th day of March, 2012.

*MN S Lasnik*

Robert S. Lasnik
United States District Judge