UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAZIA DIGO, INC., a Washington Corporation,

        Plaintiff,

v.

SMART CIRCLE INTERNATIONAL, LLC, a Delaware Limited Liability Company,

        Defendant.

NO. C11-0544RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on "Defendant Smart Circle International, LLC's Motion for Partial Summary Judgment." Dkt. # 54. In 2009, plaintiff, a jewelry designer, manufacturer, and seller, hired defendant to represent its products at "road shows" in Costco warehouse stores. Plaintiff alleges that defendant misrepresented its capabilities and ultimately failed to perform the duties for which it was hired, resulting in the termination of plaintiff's relationship with Costco. Plaintiff has asserted breach of contract, breach of implied/express warranties, Consumer Protection Act, intentional interference with business relationship, and negligence claims against defendant. Defendant seeks dismissal of all claims except the breach of contract claim.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

**A. BREACH OF IMPLIED/EXPRESS WARRANTIES**

Plaintiff alleges that defendant made and breached numerous express and implied warranties regarding the services it would provide as plaintiff's road show representative, including an implied promise to act in good faith in the performance of the parties' contract. Defendant challenges the viability of plaintiff's breach of the implied warranty of good faith and

---

[1] Plaintiff's evidentiary objections, though technically correct, are overruled. Defendant may be able to overcome the hearsay objections at trial. More importantly, the Court finds that the evidence is unhelpful in resolving the issues presented. Assuming, for purposes of this motion, that plaintiff had trouble ensuring 100% compliance with Costco's policies when it used its own sales force, that fact is relevant only to explain why it hired defendant, not as an excuse for defendant's subsequent failures.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -2-

fair dealing claim on the grounds that defendant (a) did not intentionally try to harm plaintiff's interests and (b) did not benefit unfairly at plaintiff's expense. Motion (Dkt. # 54) at 14.

The duty to act in good faith and to deal fairly arises in relation to the performance of a contract and obligates the parties to cooperate with each other so that each may obtain the anticipated benefits of the bargain. See <u>Keystone Land & Dev. Co. v. Xerox Corp.</u>, 152 Wn.2d 171, 177 (2004); <u>Carlile v. Harbour Homes, Inc.</u>, 147 Wn. App. 193, 215-16 (2008). Defendant has not set forth the terms of the parties' contract, acknowledging that there are factual disputes regarding its content. Motion (Dkt. # 54) at 5 n.2. In the absence of evidence regarding the terms of the bargain or the extent of defendant's efforts to satisfy its obligations thereunder, the Court declines to speculate whether defendant acted in good faith. Nor do defendant's arguments regarding its lack of bad faith require dismissal of this claim. The contentions that defendant did not intentionally try to harm plaintiff's interests and did not benefit unfairly at plaintiff's expense are not supported by any evidence, but rather rely on the assumption that one who is paid on commission would never shirk his or her duties because earnings would be adversely affected. Such an assumption is unreasonable as a matter of logic and/or common experience. Duties are shirked for many reasons, and self-interest is measured in various ways: a cost/benefit calculation may involve considerations of both monetary and non-monetary incentives, as well as the need for immediate versus long-term returns. In this case, plaintiff's theory is that defendant refused to fully and adequately staff plaintiff's road shows because it concluded that it could make more money by focusing its resources on other, higher-grossing clients. Defendant offers no evidence that would require the Court to reject this theory or the good faith and fair dealing claim.

**B. CONSUMER PROTECTION ACT CLAIM**

The Washington Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. A private cause of action exists under the CPA if (1) the conduct is unfair or

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -3-

deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986). Defendant argues that plaintiff cannot establish the first or third elements of its CPA claim.

The CPA does not define "unfair or deceptive." Whether an act is unfair or deceptive is determined by the courts as a question of law. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150 (1997). Washington courts have held that a deceptive act has the capacity to deceive a substantial portion of the population (Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997)) and "misleads or misrepresents something of material importance" (Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC, 134 Wn. App. 210, 226 (2006)). This element focuses on the act's capacity to deceive rather than its actual impact on the public, and is therefore distinct from the third element of public interest impact. May v. Honeywell Int'l, Inc., 331 Fed. Appx. 526, 529 (9th Cir. 2009). See also Henery v. Robinson, 67 Wn. App. 277, 291 (1992). Plaintiff has provided evidence of material representations regarding the services provided that turned out to be untrue. These misrepresentations, if disseminated to the general public, would deceive a substantial portion of the population in the same way plaintiff was deceived. Plaintiff can, therefore, satisfy the first element of a CPA claim.

Plaintiff has not, however, produced evidence from which a reasonable factfinder could conclude that defendant's misrepresentations had the potential to affect large numbers of consumers and therefore affects the public interest. Stephens v. Omni Ins. Co., 138 Wn. App. 151, 178 (2007). Plaintiff's allegations regarding the repetition of the misrepresentations (First Amended Complaint (Dkt. # 28) at ¶¶ 3.7, 3.11, and 3.15) are unsupported. The only evidence provided is a copy of the sales pitch presented to plaintiff and the fact that defendant offers its services to other businesses through the internet. Plaintiff has not attempted to show that the misrepresentations allegedly contained in the PowerPoint presentations are repeated on defendant's website or that those presentations were utilized with any other member of the

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -4-

public. Plaintiff has failed to raise a genuine issue of fact regarding other similar solicitations or a pattern of misrepresentation that could satisfy the public interest element of the CPA.

**C. INTERFERENCE WITH A BUSINESS RELATIONSHIP CLAIM**

A claim of intentional interference requires "(1) the existence of a valid contractual relationship of which the defendant has knowledge, (2) intentional interference with an improper motive or by improper means that causes breach or termination of the contractual relationship, and (3) resultant damage." Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 168 (2012).[2] Defendant argues that it is "nonsensical" to think that defendant would intentionally interfere with plaintiff's relationship with Costco since defendant's commissions depended on the continuation of that relationship. Motion (Dkt. # 54) at 9-10. As noted above, however, plaintiff's theory is that defendant intentionally chose to redirect its resources toward other, higher-grossing clients: the lure of commissions on a small number of jewelry sales was simply insufficient to warrant full staffing, punctuality, and/or compliance with Costco policies. The evidence provided could support a finding that defendant made this choice knowing with certainty or substantial certainty that Costco would terminate its relationship with plaintiff as a result.

The harder question is whether defendant acted with "an improper motive or by improper means." Simply pursuing one's own pecuniary interests in good faith is not an improper motive. Elcon Constr., 174 Wn.2d at 168. Plaintiff is apparently willing to concede that defendant had no improper motive (*i.e.*, that defendant did not affirmatively desire to harm plaintiff), but argues that defendant used wrongful means that resulted in the interference. The "improper means" element of an intentional interference claim is established "when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference

---

[2] The Court has already determined that plaintiff's intentional interference claim arose out of an independent tort duty of care in the provision of services and that defendant is a stranger to the relationship between plaintiff and Costco for purposes of this claim. Dkt. # 22 at 11-12. There is no reason to reconsider those conclusions here.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -5-

itself. . . .   Interference can be 'wrongful' by reason of a statute or other regulation, or a recognized rule of common law, or an established standard of trade or profession." Pleas v. City of Seattle, 112 Wn.2d 794, 804 (1989) (internal quotation omitted).  Plaintiff has provided evidence that defendant's conduct has violated established standards that are applicable to all commissioned sales representatives, as set forth in the expert report of Don E. Smith.[3]  Plaintiff has therefore raised a genuine issue of fact regarding whether defendant used improper means resulting in interference with plaintiff's relationship with Costco.

**D. NEGLIGENCE CLAIM**

Defendant seeks dismissal of plaintiff's negligence claim on the ground that it is barred by the independent duty doctrine.  Plaintiff has identified duties imposed by established standards of defendant's trade or profession as well as duties arising from the parties' principal-agent relationship.  Regardless of the existence or terms of the parties' contract, a breach of these independent duties may support a finding of negligence.

For all of the foregoing reasons, defendant's motion for partial summary judgment (Dkt. # 54) is GRANTED in part and DENIED in part.  Plaintiff's CPA claim is hereby DISMISSED.  Plaintiff's breach of contract, breach of implied/express warranties, intentional interference, and negligence claims may proceed.

Dated this 28th day of September, 2012.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

---

[3] For purposes of this summary judgment motion, the Court has considered plaintiff's expert report.  Whether the report is admissible under Fed. R. Ev. 702 and/or Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), has not been determined.